**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
ELKINS DIVISION**

**ROGER L. ARBOGAST,**

      **Plaintiff,**

**v.**                                                    **Civil Action No. 2:13-cv-10
(Judge Bailey)**

**DR. POLICARPIO,
WEXFORD MEDICAL STAFF,
ST. MARYS CORRECTIONAL CENTER,
WEST VIRGINIA DIVISION OF CORRECTIONS,**

      **Defendants.**

**REPORT AND RECOMMENDATION
42 U.S.C. § 1983**

On January 30, 2013, *pro se* plaintiff Roger Arbogast, a West Virginia state inmate, initiated this case by filing a *pro se* civil rights action against the defendants noted above. (Doc. 1). In the Complaint, Plaintiff alleges that the named defendants are violating his Eighth Amendment protections against cruel and unusual punishment through their alleged purposeful indifference to Plaintiff's particular medical needs. (Doc. 1, p. 2). Plaintiff points to the unavailability of his allegedly prescribed medication, repeated accusations by prison medical staff that he faking his ailments, and several alleged incidents during which the plaintiff believes he should have been, but was not, transported to a hospital to support his claim. (Doc. 1, pp. 10-12).

**I.  Standard of Review**

Plaintiff is a prisoner seeking relief from a governmental entity or a governmental employee. (Doc. 1. p.1). Therefore, the Court must perform a judicial review of this complaint, and shall dismiss this case if the Court finds it to be frivolous or malicious, if it fails to state a claim upon

1

which relief can be granted, or seeks monetary relief from a defendant who is immune from such a judgment. 28 U.S.C. § 1915A(b).

A complaint is frivolous "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also Johnson v. Silvers*, 742 F.2d 823, 824 (4th Cir. 1984)(holding that a court may not dismiss an *in forma pauperis* claim as frivolous "unless it finds that the plaintiff would not be entitled to relief 'beyond doubt,' and under any arguable construction, both in law and in fact."). However, a complaint filed *in forma pauperis* which fails to state a claim under Fed. R. Civ. P. 12(b)(6) is not automatically frivolous, *see id* at 328, as *pro se* allegations are to be construed in a liberal fashion. *See Haines v. Kerner*, 404 U.S. 319, 325 (1972). Courts may dismiss an *in forma pauperis* complaint for frivolity only when the *pro se* plaintiff presents them with "a claim based on an indisputably meritless legal theory," *Denton v. Hernandez*, 504 U.S. 25, 32 (1992), or a "fantastic or delusional" factual scenario. *Neitzke* at 328.

## II.  Analysis

### A. St. Marys Correctional Center and the West Virginia Division of Corrections Are Not Proper Defendants

42 U.S.C. § 1983 provides as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other persons within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

2

Therefore, in order to state a claim under 42 U.S.C. § 1983, the Plaintiff must demonstrate that a person acting under color of state law deprived him of the rights guaranteed by the Constitution or federal laws. *See Rendall-Baker v. Kohn*, 547 U.S. 830, 838 (1982). In the alternative, a plaintiff may state a claim through a showing that a governmental entity deprived him of his rights when the cause of the plaintiff's grievance "may be fairly said to represent official policy." *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 694 (1978).

St. Marys Correctional Center and the West Virginia Division of Corrections are not proper defendants because they are not persons subject to suit under 42 U.S.C. § 1983. *See Preval v. Reno*, 203 F.3d 821 (4th Cir. 2000) ("[T]he Piedmont Regional Jail is not a 'person,' and therefore not amendable to suit under 42 U.S.C. 1983). In addition, the plaintiff has not identified any facts which would tend to show that the alleged conditions of which he complains are the execution of official organizational policy. *See Monell* at 694. Accordingly, Plaintiff's claims against St. Marys Correctional Center and the West Virginia Division of Corrections should be dismissed.

**B. the Plaintiff Has Failed to Exhaust Administrative Remedies**

The Prison Litigation Reform Act (PLRA) requires that "[n]o action shall be brought with respect to prison conditions under section 1983 or this title, or any other federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); see also *Booth v. Churner*, 532 U.S. 731, 736 (2001). Though once at the discretion of the court, exhaustion is now mandatory under § 1997e(a), pursuant to the enactment of the PLRA[1], and "applies to all inmate suits about prison life, whether they involve

---

[1] *See Porter v. Nussle*, 534 U.S. 516, 524 (2002).

3

general circumstances or particular episodes,"[2] and is required even when the relief sought is not available. *Booth* at 741; *see also McCarthy v. Madigan*, 503 U.S. 140, 144 (1992)("Where Congress specifically mandates, exhaustion is required"). Because exhaustion is a prerequisite to suit, all available administrative remedies must be exhausted *prior to* filing a complaint in federal court. *See Porter v. Nussle*, 534 U.S. 516, 524 (2002) (citing *Booth* at 741) (emphasis supplied).

The PLRA's exhaustion requirement serves three main purposes: (1) to "eliminate unwarranted federal court interference with the administration of prisons"; (2) to "afford corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case"; and (3) to "reduce the quantity and improve the quality of prisoner suits." *Woodford v. Ngo*, 126 S. Ct. 2378, 2382 (2006). Pursuant thereto, "the PLRA exhaustion requirement requires *full* and *proper* exhaustion." *Id.* at 2387 (emphasis supplied). Full and proper exhaustion includes meeting all the time and procedural requirements of the prison grievance system. *See id* at 2393.

In *Jones v. Bock*, the Supreme Court of the United States concluded that "failure to exhaust is an affirmative defense under PLRA, and that inmates are not required to specially plead or demonstrate exhaustion in their complaints." *Jones v. Bock*, 549 U.S. 199, 216 (2007). However, it is a well established Fourth Circuit principle that "the district court's authority to *sua sponte* dismiss an *in forma pauperis* complaint frivolous [is] broad enough to permit the court to dismiss a complaint on the basis of an affirmative defense that was apparent from the facts alleged in the complaint." *Anderson v. XYZ Correctional Health Services, Inc.*, 407 F.3d 674, 681-82 (4th Cir. 2005)(citing *Nasim v. Warden*, 64 F.3d 951, 954-55 (4th Cir. 1995)).

The WVDOC has established a three level grievance process for prisoners to grieve their

---

[2] *Porter* at 524.

complaints in an attempt to resolve the prisoners' issues. The first level involves filing a G-1 Grievance Form with the Unit Supervisor. If the inmate receives no response or is unsatisfied with the response received at Level One, the inmate may proceed to Level Two by filing a G-2 Grievance Form with the warden/administrator. Finally, the inmate may appeal the Level 2 decision to the Commissioner of the Division of Corrections.

In this case, Plaintiff concedes that he has not exhausted his administrative remedies. Of the WVDOC's three-step grievance procedure, he has filed only one grievance form. (Doc. 9). This single grievance form was filed with St. Marys Correctional Center on January 29, 2013, the day before filing his complaint. (Doc. 9); (Doc. 1). Therefore, at the time he filed his complaint, the plaintiff had not completed any level of the three-level grievance process. The only argument Plaintiff makes regarding the exhaustion of his remedies is that he should not be required to exhaust remedies. He appears to argue that the "deaf ears, blind eyes" of the administration would render any attempt at resolving his complaints administratively futile. (Doc. 1, p. 4).

Despite the fact that the Supreme Court has stated that it "will not read futility or other exceptions into statutory exhaustion requirements . . . ,"*see Booth v. Churner*, 532 U.S. at 741, n. 6, several courts have found that the mandatory exhaustion requirement may be excused in certain limited circumstances. *See Mitchell v. Horn*, 318 F.3d 523, 529 (3d Cir. 2003) (summary dismissal for failure to exhaust not appropriate where prisoner was denied forms necessary to complete administrative exhaustion);*Ziemba v. Wezner*, 366 F.3d 161 (2d Cir. 2004) (defendant may be estopped from asserting exhaustion as a defense, where the defendant's actions render the grievance procedure unavailable);*Aceves v. Swanson*, 75 Fed.Appx. 295, 296 (5th Cir. 2003) (remedies are effectively unavailable where prison officials refuse to give inmate grievance forms upon

5

request);*Miller v. Norris*, 247 F.3d 736, 740 (8th Cir. 2001) (a remedy is not available within the meaning of § 1997e(a) when prison officials prevent a prisoner from utilizing such remedy); *Dotson v. Allen*, 2006 WL 2945967 (S.D.Ga. Oct. 13, 2006) (dismissal for failure to exhaust not appropriate where Plaintiff argues that failure to exhaust was direct result of prison official's failure to provide him with the necessary appeal forms).

Here, Plaintiff clearly has failed to exhaust his administrative remedies. Additionally, to the extent that exhaustion may be waived, Plaintiff has failed to set forth any accepted reason to excuse his failure to exhaust.

## IV. Recommendation

In consideration of the foregoing, it is the recommendation of the undersigned that the plaintiff's claims against St. Marys Correctional Center and the West Virginia Regional Jail Authority be **DISMISSED with Prejudice** for failure to name a proper defendant. Additionally, it is the recommendation of the undersigned that Plaintiff's Complaint as to defendants Dr. Policarpio and Wexford Medical be **DISMISSED without Prejudice** for failure to exhaust administrative remedies.

Within (14) fourteen days after being served with a copy of this Report and Recommendation, the plaintiff may file with the Clerk of the Court written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable John Preston Bailey, United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based on such Recommendation. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984), *cert. denied*, 467 U.S. 1208 (1984).

The Clerk is directed to send a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as shown on the docket.

DATED: June 21, 2013

_____
DAVID J. JOEL
UNITED STATES MAGISTRATE JUDGE